**U.S. Department of Justice**



*United States Attorney*
*Eastern District of New York*

RAT
F.#2011R01898

*610 Federal Plaza*
*Central Islip, New York 11722*

January 27, 2012

By ECF and Personal Service

Terrence Buckley, Esq.
520 Suffolk Avenue
Islandia, NY 11749

    Re:  United States v. Paul Gomes
          Criminal Docket No. 11-CR-804 (LDW)

Dear Mr. Buckley:

    Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, please find enclosed with this letter discovery in the above-referenced matter. Please also consider this letter to be the government's request for reciprocal discovery.

1.   Statements of the Defendant

    Attached are copies of statements made by or reflecting information provided by the defendant, Bates numbered GOMES-0001 and GOMES-0002. Also enclosed is a copy of a written <u>Miranda</u> waiver and consent to search executed by the defendant as well as a report memorializing the statements made by defendant to gents, Bates numbered GOMES-0003 through GOMES-0015.

2.   Documents and Tangible Objects

    You may call me to arrange a mutually convenient time to inspect, copy, and/or photograph the evidence and original documents discoverable under Rule 16. Enclosed herein is a disc containing approximately 61 photographs of the marijuana grow house by DEA agents. Also enclosed are copies of writings, documents and items obtained from defendant, Bates Numbered GOMES-0040 through GOMES-0129; DEA Reports of Investigation memorializing items seized from the marijuana grow house, Bates Numbered GOMES-0037 through GOMES-0039; and property paperwork, Bates numbered GOMES-0017 through GOMES-0036.

3.   Reports of Examinations and Tests

The government is still awaiting receipt of laboratory reports of examination which pertain to the above-mentioned indictment. Once the government receives such report, they will be forwarded to the defense.

4.   Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) by notifying you in a timely fashion of any expert the government intends to call at trial and by providing you with the expert's credentials and a summary of the expert's opinion.

The expert's identity, qualifications, and the bases for his conclusions will be provided to you when they become available.

5.   Brady Materials

The government is unaware of any exculpatory material regarding the defendant in this case. The government is aware of and will comply with its obligation to produce exculpatory material or information under Brady v. Maryland, 373 U.S. 83 (1963).

The government will furnish the defense before trial with information or material regarding payments, promises of immunity, leniency, or preferential treatment, if any, made to prospective witnesses within the scope of Giglio v. United States, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959). The government will furnish before trial information or material regarding any prior convictions of any co-conspirator, accomplice or informant who may testify at trial for the government.

The government will also furnish before trial materials discoverable pursuant to Title 18, United States Code, Section 3500.

6.   The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the

defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results of reports or physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession, custody, or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid any unnecessary delay, we request that you have copies of these statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

If you have any questions or further requests, please do not hesitate to contact me.

                                                Very truly yours,

                                                LORETTA E. LYNCH
                                                United States Attorney

By: _____
       Raymond A. Tierney
       Assistant United States Attorney
       (631) 715-7849

Enclosures

CC:   Clerk of Court (LDW)
      Eastern District of New York (w/o enclosures)