UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------

UNITED STATES OF AMERICA,

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★  SEP 11 2012  ★

- against -

PAUL GOMES, LONG ISLAND OFFICE

Defendant(s).

------------------------------------------------------X

[X] WAIVER OF SPEEDY TRIAL
[ ] ORDER OF EXCLUDABLE DELAY

CR- 11 - 804 (LDW)

It is hereby stipulated that the time period from **9/11/2012** until **10/30/2012** be excluded periods of delay under the following code(s):

| 18 U.S.C. § 3161 | DELAY CODE | DELAY CATEGORY |
|---|---|---|
| (h)(1)(A) | A | Exam or hearing for mental or physical incapacity pursuant to 18 U.S.C. § 4244. |
| (h)(1)(B) | B | Narcotic Addict Rehabilitation Act (NARA) Exam pursuant to 28 U.S.C. § 2902. |
| (h)(1)(D) | C | State or Federal trials or other charges. |
| (h)(1)(E) | D | Interlocutory appeals. |
| (h)(1)(F) | E | Pretrial motions (from filing or being orally made to hearing or other prompt disposition). |
| (h)(1)(G) | F | Transfers from other Districts pursuant to Rules 20, 21, or 40. |
| (h)(1)(J) | G | Proceeding under advisement not to exceed 30 days. |
|  | H | Miscellaneous proceedings: Parole or Probation Revocation, Deportation, or Extradition. |
| (h)(2) | I | Prosecution deferred by mutual agreement. |
| (h)(1)(H) | J | Transportation from another District or to and from examination or hospitalization in ten days or less. |
| (h)(1)(I) | K | Consideration by court of proposed plea agreement. |
| (h)(3)(A), (B) | M | Unavailability of Defendant or essential witness. |
| (h)(4) | N | Period of Defendant's mental or physical incompetence to stand trial. |
| (h)(5) | O | Period of NARA commitment or treatment. |
| (h)(6) | P | Superseding Indictment and/or new charges. |
| (h)(7) | R | Defendant awaiting trial of co-defendant when no severance has been granted. |
| (h)(8)(A), (B) | T | Continuances granted per (h)(8) as determined by the Court due to: *(Circle the appropriate category on the following page)* |

-1-

I.    Emergencies such as:
    a.  Natural disasters.
    b.  Blackouts.
    c.  Public transportation or other strikes, which substantially affect the Court's ability to operate or the ability of the party to prepare for or proceed to trial.
    d.  Illness or death of defense counsel, the prosecutor, or the judge as well as mourning periods observed by the parties, counsel, or the court.

II.   The cooperation of the Defendant. (If this order is to be sealed due to the cooperation of the Defendant, check appropriate area at the end of this order)

III.  The Government attorney of defense counsel has demonstrate due diligence in all available time, but nevertheless still require additional time for preparation to prevent miscarriage of justice, such as:
    a.  The attempt to locate an important witness whom defense counsel has not been able to locate.
    b.  Belated discovery motions or notice of alibi defense which require additional time to investigate or expert analysis.

IV.   The assurance that both the Defendant and the Government be represented by counsel of choice and by the same attorney throughout the proceedings such as:
    a.  Counsel for the Government and/or the Defendant are unavailable for either date chosen by the Court, or the last date on which trial could commence under the Speedy Trial Act.
    b.  Inadequate time to prepare for this trial following the conclusion of counsel's last trial.
    c.  A brief vacation planned well in advance of the trial date.

V.    The issue of complexity such as:
    a.  Complex or unusual case such as antitrust, securities fraud, mail fraud, narcotics conspiracy, and net worth income tax cases.
    b.  Multiple parties or extensive documentary evidence.

VI.   The Court orders the severance of the trial of one or more co-defendants either before trial commences or during trial.

VII.  Excusable error or neglect such as:
    a.  Miscalculation in the excludable time available.
    b.  A clerk's failure to file a dismissal of the complaint, although directed by the Government to do so.
    c.  The determination that a period of time previously held automatically excluded was incorrect.

VIII. The case may be disposed of after other proceedings are concluded such as:
    a.  Pending Supreme Court case determinative of the outcome.
    b.  Where appellate affirmance of another proceeding involving the Defendant will result in the Government's dismissal of this case.

IX.   Time during the arrest-Indictment or Information interval by events beyond the control of the Court or the Government attorney, such as:
    a.  The Government's desire to pursue leads furnished by the defense.
    b.  A reasonable time needed for the completion of laboratory examination.
    c.  Emergencies such as the sickness of the Government attorney.
    d.  Cooperation of the Defendant.
    e.  A reasonable period of time (not to exceed 60 days) beginning with the Defendant's request to be considered for deferral prosecution.
    f.  The time needed so that the Government attorney can comply with the Grand Jury Guidelines promulgated by the Department of Justice.

| (i) | U | Time up to withdrawal of Guilty Plea. |
| (b) | W | Grand Jury Indictment time extended 30 additional days. |
| | X | Other: _____ |

[  ]  This record of Excludable Delay is to be recorded upon the docket sheet by code only, and the order placed under seal by the Clerk of the Court.

[  ]  The non-trial period of time pursuant to 18 U.S.C. § 3161(c)(2) shall have commenced on: _____ (date of the first appearance through counsel or waiver of counsel).

------------------------------------------------------------------------------------------------

The Defendant has been fully advised by counsel of his/her rights guaranteed under the Sixth Amendment to the United States Constitution; the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–74; the Plan and Rules of this Court adopted pursuant to that Act; and Rule 50(b) of the Federal Rules of Criminal Procedure. The Defendant understands that he/she has a right to be tried before a jury within a specified time period, not counting excludable periods.

The Court approves this Speedy Trial [X] Waiver / [  ] Excludable Delay based upon its findings that this action serves the ends of justice and outweighs the best interest of the public and this Defendant in a speedier trial.

Dated:  _10/11/2012_
Central Islip, NY 11722

_____
**U.S. DISTRICT JUDGE**

| 1. | Defendant: | Paul Gomez | Counsel: | Patrick O'Connell |
| 2. | Defendant: | | Counsel: | |
| 3. | Defendant: | | Counsel: | |
| 4. | Defendant: | | Counsel: | |
| 5. | Defendant: | | Counsel: | |
| 6. | Defendant: | | Counsel: | |
| 7. | Defendant: | | Counsel: | |
| 8. | Defendant: | | Counsel: | |
| 9. | Defendant: | | Counsel: | |
| 10. | Defendant: | | Counsel: | |

Assistant U.S. Attorney:  _____

-3-